complaint alleged that plaintiff was the owner of certain bonds which were stolen from him and thereafter pledged to defendant as security for a loan, evidenced by a note, which was usurious and void for the reason that defendant exacted and received a bonus in addition to the legal rate of interest and demanded that plaintiff be adjudged the borrower within the meaning of section 377 of the General Business Law; that the note be declared usurious and void, under sections 370 and 373 of the General Business Law; that plaintiff be adjudicated to be the true and lawful owner of said bonds and entitled to the immediate possession thereof, and that the defendant be decreed and compelled to deliver up to the plaintiff the aforesaid bonds or account to him for the value of the same. The Appellate Division held that plaintiff could not attack for usury the transaction between defendant and the pledgor of the bonds and that his rights must be enforced, if at all, in an action at law in replevin or for conversion.

*Irving Albert* and *A. Gordon Murray* for appellant.

*George O. Redington* and *Joseph Schreiber* for respondent.

Judgment affirmed, with costs, on opinion of DOWLING, J., below.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: CARDOZO, J.

---

THE AMERICAN SUGAR REFINING COMPANY, Respondent, *v.* MAX COHN, Appellant.

*Contract — sale — action to recover for alleged breach of contract to purchase merchandise — sufficiency of confirmation of order — question of fact.*

*American Sugar Refining Co.* v. *Cohn*, 213 App. Div. 865, affirmed. (Argued January 13, 1926; decided February 24, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 24, 1925, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial. The action was to recover for an alleged breach of contract based upon

an alleged refusal of defendant to accept fifty barrels of sugar alleged to have been purchased from plaintiff. The trial court dismissed the complaint at the close of the plaintiff's case, upon the ground that plaintiff's acceptance, or confirmation, of the order signed by the defendant was not signed by some responsible agent acting for and in behalf of the plaintiff. The Appellate Division reversed and ordered a new trial on the ground that a question of fact was presented which should have been submitted to the jury.

*Samuel S. Breslin* for appellant.

*Joseph F. Abbott* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Will of NEWELL CABLE, Deceased. BERTHA W. WILLIAMS et al., Appellants; JOHN G. MORE, as Executor, et al., Respondents.

*Will — revocation of provisions of codicils by subsequent codicil afterwards destroyed — destruction of revoking codicil did not revive revoked provisions — such provisions revived by subsequent codicils ratifying and confirming will.*

*Matter of Cable*, 213 App. Div. 512, affirmed.

(Argued January 13, 1926; decided February 24, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered June 2, 1925, which affirmed a decree of the Delaware County Surrogate's Court admitting certain writings to probate as the last will and testament of Newell Cable, deceased. The writing consisted of the will and eleven codicils. By another codicil, duly executed and published, but afterwards burnt by testator in the presence of witnesses, at which time he made the statement, " I have the thing back as I want it now," testator revoked certain provisions in codicils previously made. It was held that the burning of the codicil did not revive the revoked